## Conflicts of Interest

GORNISH, *Acting Attorney General*, ANDER-SON, *Deputy Attorney General*, December 20, 1978—This is in reply to your request for an opinion regarding the State Adverse Interest Act. You have asked whether an employe of the Department of Community Affairs who is also a city councilman has an adverse interst in contracts between the department and the city of which he is a councilman. It is our opinion that he does have an adverse interest in such contracts.

An official opinion interpreting the State Adverse Interest Act was issued by Attorney General Kane on December 1, 1975 (O.O. No. 75-45), 5 Pa. Bull. 3246. That opinion concluded that a county commissioner could not serve as a member of the Governor's Council on Drug and Alcohol Abuse since the council enters into grant agreements with each county. In reaching that conclusion, the Attorney

General stated: "Under the Adverse Interest Act, an adverse interest is defined as being 'a party to contract . . . or a stockholder, partner, member, agent, representative or employe of such party.' Since a county commissioner is a party to the grant agreement entered into by this county, he has an adverse interest in such agreement."

In the situation you have described, the city councilman is a *member* of a party to contracts with the department by which he is employed and, therefore, has an adverse interest in such contracts.

The answers to the specific questions you have asked are as follows:

1. There is a conflict of interest under the State Adverse Interest Act even though the employe does not or will not deal with the contracts in any manner as both a state employe and as a representative or member of a party which has contracts with the state agency by which he is employed.

2. A conflict of interest arises when the state employe joins or becomes a member or representative of a party which already has a contract with the state agency by which he is employed. Section 6 of the Act, 71 P.S. §776.6, provides: "No person having an adverse interest in a contract with a State agency, shall become an employe of such agency until such adverse interest shall have been wholly divested."

3. Members of community organizations, such as volunteer fire companies, which have a contract with a state agency by which the state employes are employed are in violation of the State Adverse Interest Act. A member of such an organization is

on the same footing as a stockholder of a corporation having a contract with the state agency. Both are included within the definition of "have an adverse interest."

4. The state agency has a duty to insure that its employes are in compliance with the State Adverse Interest Act. This means that the employe must be asked to resign from the state agency or from the organization having a contract with the state agency as soon as the agency learns of the violation.